UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SAMANTHA CHIASSON                                                    PLAINTIFF

V.                          No. 3:22-CV-00298-ERE

KILOLO KIJAKAZI, Acting
Commissioner of Social Security                                      DEFENDANT

**ORDER**[1]

Plaintiff Samantha Chiasson appeals the Social Security Administration Commissioner's final decision denying her application for disability benefits. For reasons set out below, the Commissioner's decision is AFFIRMED.

I.    **Background**

Ms. Chiasson filed an application for social security benefits due to seizures, migraines, chronic neck pain, a mass on the right side of her neck, conversion disorder, convulsions, anxiety disorder, memory loss, and confusion. *Tr. 156.*

Ms. Chiasson's claim was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a telephonic hearing on January 5, 2022, where Ms. Chiasson appeared with her lawyer, and the ALJ heard testimony from her and a vocational expert ("VE"). *Tr. 12.* On February 3, 2022, the ALJ issued a

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 4.*

1

decision finding Ms. Chiasson was not disabled. *Tr. 12-25*. The Appeals Council denied Ms. Chiasson's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3*.

Ms. Chiasson, who was forty-three years old at the time of the hearing, has a high school education, and has past relevant work experience as an apartment manager, home health aide, cashier, and stocker. *Tr. 21, 32*.

## II.  The ALJ's Decision

The ALJ found that Ms. Chiasson had not engaged in substantial gainful activity since September 26, 2017, the alleged onset date. *Tr. 15*. He concluded Ms. Chiasson has the following severe impairments: pseudoseizures/nonepileptic seizure disorder; morbid obesity; degenerative joint disease and bursitis of the left hip; and sacroiliac joint dysfunction. *Id.* However, the ALJ found that Ms. Chiasson did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526). *Tr. 14*.

According to the ALJ, Ms. Chiasson had the residual functional capacity ("RFC") to perform light work with the following limitations: (1) no climbing of ladders, ropes, or scaffolds; (2) no exposure to unprotected heights, open bodies of water, and open flames; and (3) no use of hazardous machinery. *Tr. 19*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Ms. Chiasson could perform, including medical assistant and medical technician. *Tr. 83.* Accordingly, the ALJ determined that Ms. Chiasson is not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B.     Ms. Chiasson's Arguments for Reversal**

Ms. Chiasson contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in: (1) the RFC finding; (2) classifying her mental health impairments and headaches as non-severe; (3) conducting an inadequate credibility/consistency analysis. *Doc. 15 at 34-42.*

**C.     Analysis**

**1.     RFC**

Ms. Chiasson argues the ALJ incorrectly assessed her RFC. She cites her left hip pain, chronic left-side low back pain, and sacroiliac joint dysfunction as evidence of the ALJ's error. *Doc. 15 at 35.* She also contends that her dizziness, "which has been variously linked by her providers to her medication, to stress, and to hypertension," supports her argument that the RFC is erroneous. *Id. at 36.*

"A claimant's RFC is 'the most' that the claimant can do in a work setting despite her limitations." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quoting 20 C.F.R. § 404.1545(a)(1)). A claimant "bears the burden of proof to establish her RFC." *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019). "An ALJ determines a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quotations omitted). Ultimately, the RFC finding "is a decision reserved

to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records." *Norper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020).

On October 27, 2020, January 27, 2021, and July 9, 2021, Ms. Chiasson was administered hip injections to treat her trochanteric bursitis of her left hip, left-side low back pain with sciatica, and left-side sacroiliac joint dysfunction. *Tr. 1418, 1534, 1681.* The hip injections were well-tolerated and scheduled to be repeated in three months. *Id.* "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

In March 2021, Ms. Chiasson was set up for physical therapy but told her provider she did not attend due to the weather and a hospitalization for a seizure. At her follow-up appointment in April, she told the provider she would "rather do some home exercises" and again declined physical therapy for her chronic hip pain. *Tr. 1707.* In August of 2021, Ms. Chiasson again was prescribed physical therapy to treat her trochanteric bursitis and to relieve pain. *Tr. 44.* In Ms. Chiasson's fourth physical therapy session, she described her pain as a 10 out of 10. However, her therapist noted her "symptoms did not appear as severe" and she "tolerated her exercises well." *Tr. 48.* On Ms. Chiasson's ninth visit to physical therapy, on September 14, 2021, she described her pain as a 5 out of 10 and told the therapist

she had no new complaints. *Tr. 39.* At her next visit Ms. Chiasson reported her pre-therapy pain level at an eight and her post-therapy pain level at a six. Despite the improvement in her pain level, Ms. Chiasson told the provider she did not want to continue physical therapy. *Id.* "A claimant who fails to follow medical advice without good reason is not entitled to disability benefits." *Kirksey v. Soc. Sec. Admin., Com'r*, No. 3:14-CV-176-DPM-JTR, 2015 WL 2152673, at *3 (E.D. Ark. Apr. 27, 2015) (citing *Tome v. Schweiker*, 724 F.2d 711, 713–14 (8th Cir. 1984)).

Ms. Chiasson also contends that dizziness from her medications, stress, and hypertension make her unable to perform light work, as set out in the RFC. *Doc. 15 at 36.* However, Ms. Chiasson's assertion that she "is chronically dizzy, weak, and fatigued" does not align with the objective medical information in the record. *Tr. 20, 522, 525, 535.* As the ALJ noted in his decision, there were occasions in Ms. Chiasson's "log" (recorded by her mother) saying she was dizzy and suffered from a migraine. However, these self-reported statements did not align with the statements she made to her treating provider. *Tr. 593.* On November 12, 2020, Ms. Chiasson told Dr. Chris Rowlett she had no dizziness, although the log noted Ms. Chiasson was both dizzy and suffering from a migraine. *Id.* Ms. Chiasson's medical records also show that on each of the following treating provider visits, she reported no dizziness: February 5. 2018, May 4, 2018, October 4 and December 16, 2019, April 18 and November 6, 2020, March 9, October 5, November 2, and November 16,

2021. *Tr. 890, 907, 1036, 1198, 1454, 1742, 1821, 1835.* The medical records contradict Ms. Chiasson's assertions that she has daily chronic dizziness.

Ultimately, the objective medical evidence in the record support the ALJ's RFC finding.

### 2. Substantial Evidence Supports the ALJ's Finding that Ms. Chiasson's Mental Health Impairments and Headaches are Non-Severe.

Ms. Chiasson argues the ALJ erred in finding her mental health impairments and headaches non-severe. *Doc. 15 at 39.* However, the medical record as a whole supports the ALJ's decision that Ms. Chiasson's mental impairments were non-severe and do not support a finding that Ms. Chiasson's headaches or her mental impairments met the qualifications of extreme limitations. "Subjective complaints alone, without credible supporting medical evidence, are not sufficient to establish a severe impairment." *Martin v. Saul*, No. 4:18CV00865 KGB-JTR, 2020 WL 96990, at *4 (E.D. Ark. Jan. 8, 2020).[2]

Between November 2016 and July 2018, Ms. Chiasson was seen eleven times by various medical providers and each time she was negative for headaches. *Tr. 899, 954, 964, 978, 898, 1014, 1019, 1027, 1036, 1056, 1116.* She also reported her headaches were "better" on Lamictal at several follow-up appointments with her

---

[2] Report and recommendation adopted, No. 418CV00865KGBJTR, 2020 WL 1042253 (E.D. Ark. Mar. 3, 2020).

treating provider. *Tr. 1674, 1684, 1821.* "Conservative treatment of pain through over-the-counter medication and limited use of prescription medication can be inconsistent with a disability claimant's allegations of disabling pain." *Sangel v. Astrue*, 785 F. Supp. 2d 757, (N.D. Iowa 2011). Here, Ms. Chiasson's subjective complaints of constant headaches, dizziness, and pain are not supported by the objective medical evidence. The ALJ did not err in finding Ms. Chiasson's headaches to be non-severe.

Ms. Chiasson also asserts her mental impairments of anxiety, depression, conversion disorder, and social anxiety disorder should have been considered severe. *Doc. 15 at 39-40.* The ALJ found Ms. Chiasson's mental impairments to cause no more than a "minimal limitation in [her] ability to perform basic mental work activities . . . ." *Tr. 16.*

At a March 11, 2020, mental evaluation, Ms. Chiasson exhibited logical thought processes, was not functioning within or near the intellectual disability range, demonstrated no difficulty with communication, and exhibited no inability to cope with typical mental and cognitive demands of basic work-like tasks. *Tr. 1273.* Agency psychologists also found Ms. Chiasson's reported symptoms were not supported by objective medical evidence and that she was malingering when answering questions regarding the intensity and persistence of her symptoms. *Tr. 220, 235, 236.* Ms. Chiasson's medical record also shows she told her treating

provider her depression and anxiety were both "well controlled" with Lexapro on several office visits. *Tr. 129, 1520,1674, 1684, 1821. Perkins v. Astrue*, 648 F.3d 892, 901 (8th Cir. 2011) (holding that impairments that are well controlled with medication do not support a finding of disability).

The claimant has the burden of proving that an impairment is severe, which means it significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). The lack of objective medical evidence in the record, coupled with the state agency consultants' findings, provide substantial evidence to support the ALJ's conclusion that Ms. Chiasson's mental impairments are non-severe.

### 3. The ALJ's Credibility/Consistency Analysis Was Adequate.

Ms. Chiasson contends the ALJ erred in his credibility analysis of her subjective complaints regarding pain. *Doc. 15 at 40-41*.

Normally, the Court should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work

history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting a claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this alone. *Id.* at 932. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ considered Ms. Chiasson's subjective complaints regarding pain. He specifically noted that her complaints were not supported by objective medical evidence in the record. *Tr. 20.* Despite her complaints of pain, Ms. Chiasson's medical records show she can prepare her own meals, cook, clean, groom and dress independently, attend church once a week, buy groceries, and manage funds without assistance. *Tr. 522, 523, 1268, 1272, 1274.*

The ALJ may discount a claimant's complaints of pain if they are inconsistent with the evidence as a whole. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). Ms. Chiasson points to the opinion evidence of her treating provider Dr. Callerme, but the ALJ found it non-persuasive because it was not supported by objective

10

medical evidence. *Tr. 20*. Instead, the ALJ found the state agency consultants' opinions to be persuasive and supported by objective medical evidence in the record.

Even if the ALJ had found objective medical evidence in the record that supported Ms. Chiasson's complaints regarding pain, the presence of pain does not mandate a disability ruling. See *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996) (noting that "the mere fact that working may cause pain or discomfort does not mandate a finding of disability.").

Ms. Chiasson's argument that the ALJ failed to evaluate her subjective complaints is without merit.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Ms. Chiasson's claims, and substantial evidence supports the decision to deny benefits.

The Commissioner's decision is AFFIRMED, and judgment will be entered for the Commissioner. The Clerk of Court is directed to close the case.

So Ordered 21 June 2023.

_____
UNITED STATES MAGISTRATE JUDGE